15 F.3d 1091
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
42.24 ACRES OF LAND, MORE OR LESS, SITUATED IN PONDERA
COUNTY, STATE OF MONTANA, et al., Defendants,
and
Mas Development, Inc., a corporation; Petrolease; Dorothy
B. Sherman; David W. Sherman, Defendants-Appellants.
 No. 92-36524.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 14, 1993.*
Decided Dec. 21, 1993.
 
 Before: GOODWIN, CANBY and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellants challenge three procedural rulings below and the Land Commission's determination of fair market value. We consider each issue in turn.
 
 
 3
 A. Appellants first argue the district court abused its discretion by denying their last-minute motion for a continuance. A district court must consider four factors before denying a motion for a continuance: (1) whether counsel has diligently prepared for trial, (2) whether a continuance will satisfy counsel's needs, (3) whether a continuance would inconvenience the court and other parties, and (4) the extent to which defendant would suffer harm as a result of a denial. United States v. Flynt, 756 F.2d 1352, 1359 (9th Cir.1985), amended, 764 F.2d 675 (9th Cir.1985).
 
 
 4
 Appellants' counsel, Mr. Sherman, was suffering from medical problems long before he requested a continuance of the May 7th trial date. Indeed, twice before, the commission and the court had postponed the trial date because of his health problems. Suppl. ER 38-40. Yet, Mr. Sherman failed to object to the new trial date or arrange for substitute counsel and didn't ask for a continuance until May 3rd. In this sense, his preparation was less than diligent.
 
 
 5
 There was also no evidence that a continuance would have satisfied Mr. Sherman's needs. He suffered from a serious cancer with little likelihood of short-term recovery, and the prior continuances were apparently to no avail. Moreover, Mr. Sherman's inability to attend trial resulted from a scheduling conflict with some diagnostic testing, Suppl. ER at 52--not a medical emergency. On the other hand, a continuance would have inconvenienced the commissioners. Suppl. ER at 30. The district court could have reasonably concluded under these circumstances that Mr. Sherman's needs did not justify another continuance.
 
 
 6
 Finally, any harm appellants suffered as a result of Mr. Sherman's absence was attributable to his misjudgment--not the denial of the continuance itself.[1] Under our system of litigation, parties are often bound by their counsel's mistakes, see, e.g., Irwin v. Veterans Admin., 111 S.Ct. 453, 458 (1990), reh'g denied, 111 S.Ct. 805 (1991), and are relegated to actions against that counsel, see, e.g., Hinton v. Pacific Enters., 5 F.3d 391, 392 (9th Cir.1993).
 
 
 7
 As all four factors weigh against appellants, we cannot say the district court abused its discretion in denying another continuance.
 
 
 8
 B. Next, appellants contend the court abused its discretion by granting the government's motion for a protective order. We are not persuaded. To begin with, appellants served their interrogatories and requests for admissions on March 18, 1991--eighteen months after the district court had closed that phase of discovery and almost six years after litigation had begun. ER 1 at 18, Gov't Br. 9-10. The court gave appellants over five months to serve their interrogatories and requests for admissions; this was ample opportunity to obtain needed information. Fed.R.Civ.P. 26(b)(1)(ii).
 
 
 9
 The protective order was also proper because the interrogatories and requests for admission sought information outside the scope of discovery. See Fed.R.Civ.P. 26(b)(1). The Land Commission was concerned with only one issue: the property's fair market value at the time of the taking. United States v. Miller, 317 U.S. 369, 374 (1942). Appellants' discovery requests focused on the government's eventual use of the property which had nothing to do with commission's inquiry. Under these circumstances, the district court did not abuse its discretion in granting the protective order.
 
 
 10
 C. Appellants also argue that the court abused its discretion by denying them a jury trial on the issue of just compensation. There is no Seventh Amendment right to a jury trial in eminent domain proceedings. United States v. Reynolds, 397 U.S. 14, 18 (1969). Instead, Fed.R.Civ.P. 71A(h) authorizes a jury trial, "unless the court in its discretion orders that ... the issue of compensation shall be determined by a commission ..."; see also Reynolds, 397 U.S. at 20 (Rule 71A(h) "gives the trial court discretion to eliminate a jury entirely"). Appellants have provided nothing to suggest the district court abused this wide discretion in referring the issue to the commission.
 
 
 11
 D. Lastly, appellants argue that two wrongs make a right. They contend that because the commission heard testimony of a tax assessment at $103,800, the government had an obligation to offer evidence of another assessment at $570,582. Suppl. ER at 22; Br. at 15. It may well be that neither assessment was appropriate for the commission to consider. See Seas Shipping Co. v. Commissioner, 371 F.2d 528, 531 n. 6 (2d Cir.1967) (stating well-established rule that tax assessments aren't admissible evidence of value in condemnation proceedings); United States v. Certain Parcels of Land, 261 F.2d 287, 289 (4th Cir.1958). We need not decide that issue, however, because nothing in the record suggests that the commission in fact relied on the tax assessment testimony in determining fair market value. When the $103,800 figure was offered, the commission agreed that it was irrelevant to determining just compensation. Suppl. ER at 22. The record makes clear that the commission's determination of fair market value was based on the independent testimony of experts and was not clearly erroneous. Suppl. ER 32-38.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In arguing that Fulop v. Hamilton, No. 91-35865 (Feb. 10, 1993) (unpublished memorandum) is dispositive on this issue, appellants violate Ninth Circuit Rule 36-3 which states that dispositions not designated for publication "shall not be regarded as precedent and shall not be cited to or by this Court ..., either in briefs, oral argument, opinions, memoranda, or orders...."